IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FARAH AWAD, ATA BOULES, and NAGY EILIA, On Behalf of THEMSELVES and All Others Similarly Situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> TYSON FOODS, INC. and TYSON FRESH MEATS, INC., <br><br> *Defendants*. | COLLECTIVE ACTION <br><br> CASE NO. _____ <br><br> JUDGE _____ |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiffs Farah Awad, Ata Boules, and Nagy Eilia bring this collective action on behalf of themselves and all those similarly situated for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. due to the unlawful, common policy of Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively "Tyson") at its Goodlettsville, Tennessee meat processing facility. Plaintiffs allege that Tyson has maintained a timekeeping system for payroll purposes at its Goodlettsville facility that has resulted in Plaintiffs and those they seek to represent performing uncompensated work (1) before their paid shift begins, and (2) during their unpaid meal period. As a result, Plaintiffs and those they seek to represent have not been paid for all hours worked, including unpaid or underpaid overtime pay for hours worked in excess of forty (40) in a week.

2. This Court has held Tyson liable for the same violations at the same facility in two (2) prior cases. *See Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790 (M.D. Tenn. 2008); *Abadeer v.*

1

*Tyson Foods, Inc.*, 975 F. Supp. 2d 890 (M.D. Tenn. 2013). Tyson violated the law until, at the earliest, in or around May 2014, when, upon information and belief, Tyson altered its compensation policies in an effort to comply with the requirements of the FLSA.

3. Plaintiffs and those they seek to represent are and/or have been hourly paid production employees at Tyson's Goodlettsville, Tennessee facility who did not join those prior cases, but who wish to enforce their statutory rights to overtime pay under the FLSA during the relevant 3-year statutory period, plus any additional time period during which the statute of limitations was tolled by orders of this Court.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. §§ 1331 and 1337, and under 29 U.S.C. §§ 201, *et seq.*

5. Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because Tyson conducts business in this judicial district and because the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

**A. Plaintiffs**

6. Plaintiff Farah Awad is an adult resident of Nashville, Davidson County, Tennessee. Plaintiff Awad is a former hourly production employee of Tyson who worked at Tyson's Goodlettsville, Tennessee production facility from approximately August 2010 through approximately May 2014.

7. Plaintiff Ata Boules is an adult resident of Antioch, Davidson County, Tennessee. Plaintiff Boules is a current hourly production employee of Tyson who has worked at Tyson's Goodlettsville, Tennessee production facility since on or around March 25, 2008.

8. Plaintiff Nagy Eilia is an adult resident of Antioch, Davidson County, Tennessee. Plaintiff Eilia is a current hourly production employee of Tyson who has worked at Tyson's Goodlettsville, Tennessee production facility since on or around August 19, 2008.

9. At all times relevant to the allegations set forth herein, Plaintiffs and those they seek to represent pursuant to 29 U.S.C. § 216(b) have been "employees" entitled to the protections of the FLSA. *See* 29 U.S.C. § 203(e).

**B. Defendants**

10. Defendant Tyson Foods, Inc. is a Delaware corporation with its principle place of business in Arkansas.

11. Defendant Tyson Fresh Meats, Inc. is a Delaware Corporation and a subsidiary of Tyson Foods, Inc. with its principle place of business in Arkansas. Tyson Fresh Meats, Inc. also does business in Tennessee under the name "IBP, Inc."

12. Both Defendants have done business in the State of Tennessee during the statutory period and have operated the Goodlettsville, Tennessee facility where Plaintiffs and those they seek to represent have been employed.

13. At all times relevant to the allegations set forth herein, Tyson has been an "employer" within the meaning of 29 U.S.C. § 203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

14. At all times relevant to the allegations set forth herein, Tyson has been an "enterprise" engaged in commerce within the meaning of 29 U.S.C. § 203(r)(1) and (s)(1), and its annual dollar business volume has exceeded $500,000.

3

# FACTS

15. Throughout the period of time relevant to the allegations set forth herein, Tyson employs and has employed thousands of hourly paid employees, including Plaintiffs and those they seek to represent, at its Goodlettsville, Tennessee facility. Tyson's facility is divided into different rooms, or production floors. These floors include pork slice, beef slice, ground beef, beef and pork packaging, and concept room.

16. Plaintiffs and those they seek to represent work and/or have worked at Tyson's Goodlettsville, Tennessee facility as hourly production workers who were paid pursuant to Tyson's "Alternative Time and Attendance System," which includes, without limitation, all production workers who worked in pork slice, beef slice, ground beef, beef and pork packaging, and concept room, regardless of their position or job title (*e.g.*, Trimmer, Styler, Trainer, Inspector, Tray Transfer, Pump Operator, Machine Operator, and Bag Opener).

17. Upon information and belief, Tyson ceased engaging in the unlawful practices alleged herein in or around May 2014, and may presently be in compliance with the FLSA with respect to the practices alleged herein.

18. Plaintiffs and those they seek to represent have been paid pursuant to the Tyson's "Alternative Time and Attendance System," Tyson's timekeeping system for payroll purposes. Pursuant to this system, Tyson has paid Plaintiffs beginning at a designated "Pay Start Time," which was predetermined by Tyson based on the position held by the Plaintiffs. Tyson has paid Plaintiffs and those they seek to represent from this Pay Start Time until the workers clock out.

19. Each shift, Tyson's timekeeping system has resulted in Plaintiffs and those they seek to represent performing work as part of their continuous workday for which they are not

4

compensated, including work: (1) prior to their designated Pay Start Time, and (2) during their unpaid meal period.

20. Plaintiffs and those they seek to represent have worked over forty (40) hours in a week, and Tyson's failure to compensate them for time worked before their designated Pay Start Time and during their unpaid meal period resulted in Plaintiffs and those they seek to represent being denied overtime pay, in violation of the FLSA.

21. Tyson's violations of the FLSA's overtime provisions have been willful and done in bad faith.

### A.     Work Performed Before Designated Pay Start Time

22. During the relevant 3-year statutory period, Plaintiffs and those they seek to represent have been required to perform a number of activities prior to their designated Pay Start Time for which they have not been compensated.

23. Tyson has required Plaintiffs and those they seek to represent to perform several activities before their designated Pay Start Time, including: (1) collecting and donning a frock; (2) washing their hands; (3) walking through a sanitizing solution; (4) waiting to clock in; and (5) after clocking in (but before being compensated) collecting, sanitizing, and donning additional gear and equipment (*e.g.*, safety glasses, green rubber gloves, plastic arm sleeves, Plexiglass forearm guard, mesh glove, belly guard, rubber apron, skinner gloves, scabbard, steel, hook, and hook holder), walking to their workstations, and waiting for product to arrive at their workstations.

24. The time taken to perform the activities described in Paragraph 23 has at all relevant times been uncompensated.

5

25. This Court has twice held, and Plaintiffs allege here, that the activities Tyson has required Plaintiffs and those they seek to represent to perform prior to their designated Pay Start Time are part of the continuous workday of Plaintiffs and those they seek to represent, and are therefore compensable under the FLSA. *Abadeer v. Tyson Foods, Inc.*, 975 F. Supp. 2d 890, 906 (M.D. Tenn. 2013); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 809-10 (M.D. Tenn. 2008).

**B.     Work Performed During Uncompensated Meal Periods**

26. During the relevant statutory period, Plaintiffs and those they seek to represent have been required to perform a number of activities during their unpaid meal period for which they have not been compensated. These activities must be performed on the premises of the Goodlettsville, Tennessee facility.

27. Tyson deducts thirty (30) minutes per day from the paycheck of each hourly employee, regardless of whether the employee has a meal break or is relieved of duty for the full thirty (30) minutes.

28. Hourly employees who work on production floors, including Plaintiffs and those they seek to represent, do not clock out for lunch. Rather, pay for thirty (30) minutes is automatically deducted.

29. Hourly production employees rarely, if ever, leave for lunch at the start of the thirty (30) minute meal period. They are not allowed to leave the production line as long as there is meat on the production line, and must doff and don most of their gear, equipment, and clothing during their uncompensated meal break.

30. They are required to return to the floor at a set time, regardless of the time they actually leave the floor for their meal break.

6

31. The activities Tyson has required Plaintiffs and those they seek to represent to perform during their uncompensated meal period are part of the continuous workday of Plaintiffs and those they seek to represent, and are therefore compensable under the FLSA.

32. Plaintiffs and those they seek to represent are entitled to compensation for all time spent at the beginning and end of their unpaid meal period performing the compensable work activities described above.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs assert their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential Opt-In Plaintiffs:

> All hourly paid production employees of Tyson who have worked at Tyson's Goodlettsville, Tennessee facility during the applicable statutory period, but who did not opt into the prior FLSA lawsuits, *Abadeer, et al. v. Tyson Foods Inc. and Tyson Fresh Meats, Inc.*, No. 3:09-cv-00125 (M.D. Tenn.) or *Jordan, et al. v. IBP, Inc. and Tyson Foods, Inc.*, No. 3:02-cv-1132 (M.D. Tenn.).

34. Plaintiffs and those they seek to represent are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Tyson has subjected Plaintiffs and all potential Opt-In Plaintiffs to the common, unlawful policy of requiring them to perform compensable work activities without pay (1) prior to their designated Pay Start Time, and (2) during their unpaid meal period, as alleged herein.

35. All, or virtually all, of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiffs and the potential Opt-In Plaintiffs described above. These issues include: (1) Tyson's method of tracking employee time worked and compensating employees for time worked; (2) the uncompensated work time in question (*i.e.*, work performed before the designated Pay Start Time, after clocking out, and during unpaid meal periods, which constitutes principal activities integral and indispensable to the performance of Plaintiffs' jobs);

7

and (3) whether and to what extent prior rulings against Tyson regarding its Goodlettsville, Tennessee facility are dispositive of the legality of Tyson's common pay policy as alleged herein.

## COUNT I
**(Violations of the FLSA, 29 U.S.C. § 206-07)**

36. All previous paragraphs are re-alleged and incorporated as though fully set forth herein.

37. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

38. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207(a)(1).

39. Plaintiffs and those they seek to represent are covered employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

40. Plaintiffs are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. 29 C.F.R. § 541.0, *et seq.*

41. At all relevant times, Tyson has been a covered employer of Plaintiffs and those they seek to represent, and has therefore been required to comply with the provisions of the FLSA.

42. As alleged herein, Tyson has violated the FLSA with respect to Plaintiffs and those they seek to represent by, *inter alia*, failing to compensate Plaintiffs for all hours worked and, with respect to such hours, failing to pay Plaintiffs the legally mandated overtime pay for such work performed at the beginning of their shift and during unpaid breaks.

8

43. In violating the FLSA, Tyson has acted willfully and with reckless disregard of the clearly applicable FLSA provisions.

44. Plaintiffs and those they seek to represent are entitled to compensation for all time spent at the beginning and end of their unpaid meal period performing the compensable work activities as alleged herein.

45. Pursuant to the FLSA, specifically 29 U.S.C. § 216(b), because Tyson has failed to pay employees the required amount of overtime at the statutory rate, they must, as this Court has held before, reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. *See Abadeer*, 975 F. Supp. 2d at 912; *Jordan*, 542 F. Supp. 2d at 815-16.

46. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C. A judgment against Defendants and in favor of Plaintiffs and all others similarly situated, for compensation for all hours worked, including their unpaid meal period, at a rate not

9

Case 3:15-cv-00130   Document 1   Filed 02/12/15   Page 9 of 10 PageID #: 9

less than the applicable minimum wages, as well as the amount of unpaid and underpaid overtime that Defendants have failed and refused to pay in violation of the FLSA;

D. A finding that Defendants' violations of the FLSA are and/or were willful;

E. An injunction prohibiting Defendants from violating the FLSA;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA; and,

H. Such other and further relief as this Court deems just and proper.

Dated: February 12, 2015               Respectfully submitted,

/s/ David W. Garrison
**JERRY E. MARTIN (No. 20193)**
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**SETH M. HYATT (No. 31171)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*