UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FARAH AWAD, *et al.*, | ) |
| | ) |
|     Plaintiffs | ) |
| | ) No. 3:15-0130 |
| v. | ) Chief Judge Sharp/Bryant |
| | ) **Jury Demand** |
| TYSON FOODS, INC., *et al.*, | ) |
| | ) |
|     Defendants | ) |

## MEMORANDUM AND ORDER

Defendants have filed their motion for protective order or, in the alternative, motion to quash third-party subpoenas (Docket Entry No. 101), and Plaintiffs have filed a response in opposition (Docket Entry No. 107). Defendants have filed a reply (Docket Entry No. 114) and Plaintiffs have filed a surreply (Docket Entry No. 119). Plaintiffs have filed a motion to ascertain status of Defendants' motion for protective order (Docket Entry No. 123) and Defendants have filed a response (Docket Entry No. 124). Plaintiffs have filed a reply (Docket Entry No. 125).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Defendants' motion for protective order and **GRANTS** Plaintiffs' motion to ascertain status.

### STATEMENT OF THE CASE

Plaintiffs have filed this collective action on behalf of themselves and others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, at

Defendants' meat processing facility in Goodlettsville, Tennessee (Docket Entry No. 17). Defendants have denied liability (Docket Entry No. 122).

**SUMMARY OF FACTS PERTINENT TO DEFENDANTS' MOTION**

Hanaa Abadeer and others filed an earlier action ("the *Abadeer* case") in February 2009 alleging FLSA violations at the Tyson Goodlettsville facility. The *Abadeer* case was settled in October 2014. (Case No. 3:09-0125 at Docket Entry No. 420). Defendants in this action seek a protective order forbidding the disclosure of certain deposition testimony taken in the earlier *Abadeer* case. Plaintiffs here have attempted to obtain this testimony by serving Rule 45 subpoenas upon counsel for Plaintiffs in the *Abadeer* action.

**ANALYSIS**

Rule 45(c) of the Federal Rules of Civil Procedure authorizes the court for good cause to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense including, but not limited to, the forbidding of certain disclosure or discovery.

Defendants argue that the Court should forbid discovery of the subject deposition transcripts because (1) this testimony was designated as confidential pursuant to the terms of a protective order entered in the *Abadeer* case, (2) the deposition

2

testimony sought is irrelevant in this action, and (3) the Rule 45 subpoenas served by Plaintiffs were untimely. Plaintiffs disagree.

On January 12, 2010, the Court entered a protective order in the *Abadeer* action (Docket Entry No. 127 in that case). Paragraph 4 of that order provides a procedure by which Defendants could designate deposition testimony by a present or former Tyson employee or agent as "confidential." According to this paragraph, defense counsel could have designated such testimony as confidential on the record during the deposition or, alternatively, defense counsel could designate testimony as confidential by written designations served on Plaintiffs' counsel within 11 days after the court reporter mailed the deposition transcripts to counsel.

This protective order also provides that deposition testimony designated as confidential "shall be used solely for the prosecution or defense of this litigation and for no other purpose." (Docket Entry No. 127 in the *Abadeer* action at 3). Finally, paragraph 9 of the *Abadeer* protective order provides that any deposition transcriptions classified as confidential pursuant to the protective order, as well as any copies thereof, shall be turned over to defense counsel or destroyed within 30 days of the termination of the litigation.

A district court enjoys broad discretion in managing discovery. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). The undersigned Magistrate Judge finds that the protective order entered in the *Abadeer* case should be enforced. If defense counsel in the *Abadeer* action designated any deposition testimony as specified by the terms of the protective order in that case, such testimony should have been returned to defense counsel or, alternatively, destroyed by Plaintiffs' counsel within 30 days after the case was settled in 2014. The undersigned finds that the Court in this action should regard that as done which should have been done. Therefore, if Defendants here can demonstrate that the subject deposition testimony was designated as confidential in the *Abadeer* action in accordance with the protective order in that case, Defendants' motion here for a protective order forbidding the disclosure of such testimony should be granted.

Defendants' arguments based upon relevance and timeliness are less persuasive. Defendants argue that at least some of the deposition testimony sought by Plaintiff here is not relevant because the testimony described work practices at the Tyson facility that existed prior to the time period covered by the claims in this case. Also, Defendants argue that the subject subpoenas were untimely because they were served four days after the October 30, 2015, deadline for completion of written discovery.

Plaintiffs say that they provided defense counsel copies of the subject subpoenas on October 30, 2015, prior to the expiration of this deadline. The undersigned finds that Defendants' arguments based upon relevance of the deposition testimony and timeliness of service of the subpoenas lack merit. Therefore, the undersigned concludes that, to the extent that any of the subject testimony was not properly designated as confidential pursuant to the *Abadeer* protective order, Defendants' motion for protective order should be **DENIED** and such deposition testimony should be produced to Plaintiffs.

Plaintiffs' motion to ascertain status (Docket Entry No. 123) is **GRANTED** as evidenced by the ruling in this order.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge